**LAW OFFICES OF JOHNNY L. GRIFFIN III**
**JOHNNY L. GRIFFIN, III (SBN 118694)**
**MANOLO H. OLASO (SBN 195629)**
**CLARA M. LEVERS (SBN 226623)**
1010 F Street, Suite 200
Sacramento, California 95814
Telephone: (916) 444-5557
Facsimile: (916) 444-5558

Attorneys for Defendant
UMER HAYAT

**LAW OFFICE OF WAZHMA MOJADDIDI**
**WAZHMA MOJADDIDI (SBN 226804)**
7112 Agora Way
El Dorado, CA 95762
Telephone: (916) 939-7357
Facsimile:  (916) 939-2721

Attorney for Defendant
HAMID HAYAT

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: CR. NO. S-05-240 GEB |
| | ) |
| Plaintiff, | ) **DEFENDANTS' JOINT MOTION TO** |
| | ) **COMPEL DISCOVERY** |
| vs. | ) |
| | ) Date:  February 3, 2006 |
| HAMID HAYAT and UMER HAYAT | ) Time:  11:00 a.m. |
| | ) Court: Hon. Judge Garland E. Burrell |
| Defendant. | ) |
| | ) |

## MOTION TO COMPEL DISCOVERY

COME NOW, Defendants, Hamid Hayat and Umer Hayat, who by and through undersigned counsel respectfully move this Court for an order compelling discovery by the government pursuant to Federal Rules of Criminal Procedure 16 and *Brady v. Maryland,* 373 U.S. 83 (1963).

Defense counsel made an initial request for discovery on June 20, 2005 requesting the government to comply with its discovery obligations under *Brady* and Rule 16.   The government thereafter came before the Court on August 4, 2005 and October 6, 2005 asking for additional time to respond to defense counsel's discovery requests.  Each time, this Court granted the government's request.  On January 6, 2005, the government represented to the Court that it had met its discovery obligations.  To date, the government has provided the defense with very limited discovery.

Defense Counsel has submitted at least thirteen (13) follow-up letters to the government reminding it of its discovery obligations and making specific discovery requests. See Exhibits "A" through "M."  Based on the government's correspondences and oral representations made during court proceedings, the defense believes that the government is not willing to, and does not intend to, produce the discoverable information listed below.

## I.

## REQUESTS FOR DISCOVERY

Defendants, Hamid Hayat and Umer Hayat, move this Court to compel the government[1] to produce the following:

[1] For purposes of this motion "government" includes any and all of the following, the United States Department of Justice, the Federal Bureau of Investigation, U.S. Citizenship & Immigration Services (USCIS), the Bureau of Immigration and Customs Enforcement, the Department of Homeland Security, the Department of Transportation, the Department of State, the Department of Defense, the Central Intelligence Agency, the Joint Terrorism Task Force, San Joaquin Sheriff's Department, and the Lodi Police Department, Bureau of Customs and Border Security (BCBP), Bureau of Immigration & Customs Enforcement (ICE), Office of Immigration Statistics (OIS), U.S. Secret Service (USSS), Federal Protective Service (FPS), Transportation Security Administration (TSA), Federal Aviation Administration (FAA), U.S. Coast Guard (USCG), Directorate of Intelligence, DEA, U.S. MARSHALL SERVICE, ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES (ATF), National Joint Terrorism Task Force (NJTTF), Foreign Terrorist Tracking Task Force (FTTTF), Office of Law Enforcement Coordination, National Intel Share (NIS) Project (St. Louis Pilot), U.S. National Central Bureau-Interpol, Bureau of Prisons, Executive Office for Immigration Review, Office of Intelligence Policy and Review, National Drug Intelligence Center, National Institute of Justice , IRS, Deputy

I.    Items covered by Federal Rule of Criminal Procedure 16 (a)(1)(A)(B)(C) and (D), including, but not limited to:

1.  All oral, written, or recorded statements or testimony made by defendant, which is in the possession, custody, or control of the government and its agencies, or which could become known by the exercise of due diligence.

2.  Any statement made by defendant to any law enforcement officer, government agent, informant, or other third party. This request includes any statement by defendant subsequently incorporated into any report, memorandum, transcript, or other document prepared by any of the above-listed individuals. This request also includes any statement by defendant which is repeated or reported in any subsequent oral, written, or recorded statement by any of the above-listed individuals.  This request specifically includes any and all reports concerning defendant and any and all statements concerning defendant made during debriefings of others including, but not limited to, statements made in connection with other criminal or other governmental investigations.

3.  A current copy of the defendant's prior criminal record. This record should include all arrests and convictions relevant to any sentencing issues under Chapter Four of the United States Sentencing Commission Guidelines.

Assistant Secretary Terrorism and Financial Intelligence, Office of Foreign Assets Control, Designation Lists & Financial Advisories, Financial Crimes Enforcement Network (FINCEN), DEPARTMENT of COMMERCE:, Office of Security, Defense Intelligence Agency , Defense Security Service , National Imagery & Mapping Agency , National Security Agency , California Department of Homeland Security, California Department of Justice and Bureau of Investigation, FBI's Joint Terrorism Task Forces in Sacramento, FBI's Joint Terrorism Task Forces in Fresno, San Joaquin County Sheriff's Office, Sacramento County Sheriff's Office, California Highway Patrol (CHP)

4. A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, photographs, or tangible objects from or belonging to the defendant.

5. A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, photographs, or tangible objects which will be used in the government's case in chief. This includes not only documents that will be marked and offered into evidence, but also documents or tangible objects that will be referred to in any way by any witness called by the government during its case in chief. We request that any documents or tangible objects in this category be specifically identified from among any other records that may be produced in order to enable the defense to prepare effectively for trial and to move to suppress any evidence the government intends to use in its case in chief.

6. A copy of (or reasonable opportunity to insect and copy) any books, papers, documents, photographs, or tangible objects which are material to the preparation of the defendant's case at trial or at sentencing.

7. Disclosure of the names and identity of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports.

8. The results of tests, examinations, or experiments which are intended for use by the government as evidence in chief at trial, or which are material to the preparation of this defendant's defense. This latter category includes any examinations or tests done by the government that are incomplete, inconclusive, or not intended to be used by the government at trial.

9. A copy of all tapes of conversations and conferences with the informant.

10. A copy of all Rap Sheets.

II    Defendant also requests disclosure of any evidence in the government's possession, or which comes to the attention of the government, which would be favorable to this defendant on the issues of guilt or sentencing pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny. This evidence includes the following:

1.    Information which would tend to attenuate, exculpate, exonerate, or mitigate this defendant's involvement in the circumstances alleged in the indictment.

2.    Any information affecting the credibility of any government witnesses, including prior criminal records, inconsistent statements, "deals" or immunity agreements with any state or federal governmental personnel, and any benefits of any kind the witness may receive in return for cooperation.

3.    Any information from whatever source which may benefit the defendant under the Federal Sentencing Guidelines, including reductions in base offense level, reductions in specific offense characteristics, reductions in role in the offense, disputing relevant conduct, reducing criminal history, etc.

III.    Defendant also requests pursuant to Rule 12 (d)(2) of the Federal Rules of Criminal Procedure, notice of the government's intention to use any evidence obtained as a result of a search, seizure, electronic intercept, or statement by defendant. Notice whether an electronic or video intercept was used is separately requested as well.

IV.    The defendants request disclosure of the general nature of any similar act evidence that the government intends to introduce in any way at trial pursuant to Rule 404(b) of the Federal Rules of evidence, concerning any individual, including the defendant.

V.    The defendants also requests the following additional discovery that may or not be covered in the requests above:

1.    A list of all witnesses the government intends to call at trial.

2.  Any and all written or recorded statements made by Defendants to the "confidential witness" referenced in discovery documents by the government.  The identity and contact information of such "confidential witness."

3.  Any and all written or recorded statements made to any government informants or cooperating witnesses.

4.  Criminal arrest and conviction records for all informants and cooperating witnesses.

5.  Criminal arrest and conviction records for all sub-informants.

6.  The amount of compensation the Government paid, or is currently paying, all informants used in this case for providing information to the Government.

7.  The names and dates of all criminal cases in which the informants were used by the Government in the past.

8.  If the informants were former co-defendants of defendants, the informants' pre-sentence reports prepared by the U.S. Probation Office.

9.  Whether the informants provided information in exchange for Government assistance in their immigration cases and the details of their immigration cases.

10. Whether the informants ever provided the Government with inconsistent statements and the content of those statements.

11. Whether the informants are cooperating with the Government based on immunity agreements that were made with either state or federal prosecutors and the details of any such agreements.

12. Any information that the informants provided to the Government that would exculpate defendants.

13. Any and all statements made by Defendant Hamid Hayat during a polygraph examination administered on June 4, 2005.

14. Any and all documents, records, photographs, audio and video recordings, summaries, logs, notes or transcripts reflecting or relating to surveillance of Defendants by the government in Pakistan, the United States and elsewhere.

15. Any and all documents, records, or recordings reflecting the use and information obtained through National Security Agency wiretaps related to the Defendants.

16. Any and all reports or summaries of interviews conducted by government agents where the interviewee was asked to identify either of the Defendants from a photograph, a video recording and/or an audio recording.   Any and all photographs, video and audio recordings used during such interviews.

17. Any and all documents containing information that could impeach the credibility of out-of-court declarants whose  out-of-court statements are to be introduced against the defendants pursuant to Federal Rules of Evidence 801 (2)(C), (D) or (E) or Rules 803 or 804.

18. A written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The summary must describe the witness'opinions, the bases and reasons for those opinions, and the witness' qualifications."

## II.

### THE REQUESTED INFORMATION IS CRITICAL TO THE PREPARATION OF THE DEFENSE

It is critical that the defense obtain any and all statements made by the defendants under Rule 16.  The government has refused to provide the defense with *all* statements of the defendants.  For instance during the interrogations conducted on June 3, 4, and 5, 2005, the FBI interrogated both defendants for many hours.  However, the defense has only been given a redacted portion of the defendants' videotaped statements.  When defendant Hamid Hayat was

interviewed on June 4, 2005 he was first interrogated by an FBI agent, then he took a polygraph exam and then he continued to be questioned.  The video recordings that were provided to the defense begin at the point of the interrogations sometime after the polygraph exam.  The defense has not been provided with any of Hamid Hayat's statements that occurred prior to or during the polygraph examination.  Considering Hamid Hayat is facing two counts of making false statements, it is critical to his defense that the government provides *all* of his statements.  The defense also has reason to believe that portions of Umer Hayat's interview have also not been turned over by the government.  These are just specific examples of how the government has failed to meet its specific discovery obligations.

Moreover, the government has also provided the defense with information relating to surreptitious conversations of the defendants with a "confidential witness."  The defense has reason to believe that the government has not turned over all statements made by the defendants to the "confidential witness."  Moreover, the defense has reason to believe that an undercover law enforcement agent was used in this investigation.  The defense has requested discovery of the undercover agent's role in this case. The government has refused to confirm or deny the use of such undercover agent, and has failed to provide discovery of the agent's contact with Defendants.

The audio recordings received by the defense are in a redacted form.  It is difficult for the defense to understand the context of some of the conversations when the voices of other people in the conversation are deleted.  Furthermore, the defense believes that the cooperating witness met with the defendants on many occasions, and yet the government has only provided statements relating to selected meetings.  All statements of the defendants are discoverable and therefore the government must produce them *all*. The defense has also repeatedly requested the

MOTION TO COMPEL DISCOVERY - 8

government to disclose whether or not the confidential witness was an undercover agent or just a cooperating witness, and the government has refused to provide such information.

Rule 16(a)(1)A) requires the government to disclose "that portion of *any* written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent." (emphasis added).  According to the drafters, the revised language extends the reach of the rule by "requir[ing] the prosecution…to disclose *any written record which contains reference to a relevant oral statement* by the defendant which was in response to interrogation."  This is notwithstanding the government's intent to use the statement at trial. Rule 16, Advisory Committee Notes to 1991 amendments (emphasis added).

The language of Rule 16 couldn't be plainer.  Any "written record" means any record that is written.  Therefore any written record, including those made by all participants and observers of the interrogations clearly fall within the Rule 16 definition.  The Rule does not suggest in any way that the government need only produce the agent's polished, final summary.  The Rule also does not foreclose production of notes when reports derived from those notes have already been produced.  Because the interrogations lie at the heart of this case, it is critical that the defense be provided with all written records relating to their statements during the interrogations. Such notes are also discoverable under *Brady vs. Maryland* which requires pretrial disclosure of evidence favorable to the defendant that is material either to guilt or to punishment.  In many cases, the government has provided the defense with only polished summaries of the interrogation and it should be compelled to submit *all* written records.

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." As a general

matter, "relevance" for discovery is broadly construed, and "information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The defense does not believe that the government has turned over all evidence that may lead to the discovery of admissible evidence and it should therefore be compelled to do so.

The defense has made both general and specific requests for discovery.  The government has not fulfilled its discovery obligations and only provided the defense with selected discovery.  Therefore, the defense respectfully requests that the government be compelled to provide the defense with the entire discovery requested herein.

Dated:  January 13, 2006                          Respectfully submitted,


                                                  /s/ Wazhma Mojaddidi
                                                  WAZHMA MOJADDIDI
                                                  Attorney for Defendant Hamid Hayat


                                                  /s/ Johnny L. Griffin, III
                                                  JOHNNY L. GRIFFIN, III
                                                  Attorney for Defendant Umer Hayat