MCGREGOR W. SCOTT
United States Attorney
S. ROBERT TICE-RASKIN
LAURA L. FERRIS
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

MICHAEL MULLANEY
Acting Chief, Counterterrorism Section
STEVEN A. TYRRELL
Deputy Chief, Counterterrorism Section
DAVID B. DEITCH
Trial Attorneys, Counterterrorism Section
Criminal Division
U.S. Department of Justice
10th and Constitution Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 514-0849

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. S-05-240 GEB |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S PROPOSED JURY |
| | ) | INSTRUCTIONS; ANNOTATED SET |
| v. | ) | |
| | ) | |
| HAMID HAYAT, | ) | Trial Date: February 14, 2006 |
| UMER HAYAT, | ) | Time: 9:00 a.m. |
| | ) | Judge: Garland E. Burrell, Jr. |
| | ) | |
| Defendants. | ) | |

The United States of America by and through its attorneys, respectfully requests that the Court include the following instructions in its charge to the jury. Leave is respectfully requested to include such other and additional instructions as

1

may become appropriate or necessary during the course of the
trial.

DATED: February 10, 2006.                    Respectfully submitted,

                                    By: /s/ TICE-RASKIN
                                        S. ROBERT TICE-RASKIN
                                        Assistant U.S. Attorney


                                    By: /s/ LAURA L. FERRIS
                                        LAURA L. FERRIS
                                        Assistant U.S. Attorney


                                    By: /s/ DAVID B. DEITCH
                                        DAVID B. DEITCH
                                        Trial Attorney
                                        Counterterrorism Section

**PROPOSED PRELIMINARY INSTRUCTIONS**

Government's Proposed Jury Instruction No. 1

**DUTY OF JURY**

Ladies and gentlemen: You now are the juries in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

9TH CIR. CRIM. JURY INSTR. 1.1 (2003)(modified for dual panels)

## THE CHARGE - PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges defendant Hamid Hayat and defendant Umer Hayat with various crimes which are contained in what is known as an indictment. The indictment is simply the description of the charges made by the government against each defendant; it is not evidence of anything.

Count One of the Second Superseding Indictment charges defendant Hamid Hayat with providing material support and resources, attempting to conceal the nature of material support and resources, and concealing the nature of material support and resources, knowing or intending that they would be used in preparation for or in carrying out certain acts of terrorism transcending national boundaries.

Counts Two through Four charge defendant Hamid Hayat with willfully making false, material statements, within the jurisdiction of the Federal Bureau of Investigation, in an offense that involves international or domestic terrorism.

Counts Five and Six charge defendant Umer Hayat with willfully making false, material statements, within the jurisdiction of the Federal Bureau of Investigation, in an offense that involves international or domestic terrorism.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and //

never has to prove innocence or present any evidence.

9TH CIR. CRIM. JURY INST. 1.2 (2003)(modified for multiple defendants)

## DUTIES OF EACH JURY PANEL

There are two juries in this case. One jury will decide the case of <u>United States v. Hamid Hayat</u>. I will refer to this jury panel, from time to time, as the "Hamid Hayat jury panel." The Hamid Hayat jury panel will determine the guilt or innocence of defendant Hamid Hayat only. [[If the court so desires] The Hamid Hayat jury panel will specifically have a jury badge that is marked _____ so that it will be clear that a prospective juror is a member of the Hamid Hayat jury panel].

A second jury will decide the case of <u>United States v. Umer Hayat</u>. I will refer to this jury panel, from time to time, as the "Umer Hayat jury panel." The Umer Hayat jury panel will determine the guilt or innocence of defendant Umer Hayat only. [[If the court so desires] The Umer Hayat jury panel will specifically have a jury badge that is marked _____ so that it will be clear that a prospective juror is a member of the Umer Hayat jury panel].

<u>United States v. Sidman</u>, 470 F.2d 1158, 1167-70 (9th Cir. 1972), <u>cert. denied</u>, 409 U.S. 1127 (1973).

6

1    Government's Proposed Jury Instruction No. 4

2                    **WHAT IS EVIDENCE?**

3        The evidence you are to consider in deciding what the facts

4    are consists of:

5        (1) the sworn testimony of any witness;

6        (2) the exhibits which are received into evidence; and

7        (3) any facts to which all the lawyers stipulate.

27   9TH CIR. CRIM. JURY INST. 1.3 (2003)

28                            7

Government's Proposed Jury Instruction No. 5

**WHAT IS NOT EVIDENCE?**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.   statements and arguments of the attorneys;

2.   questions and objections of the attorneys;

3.   testimony that I instruct you to disregard; and

4.   anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9TH CIR. CRIM. JURY INST. 1.4 (2003)

8

Government's Proposed Jury Instruction No. 6

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

9TH CIR. CRIM. JURY INST. 1.5 (2003)

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 1.6 (2003)

Government's Proposed Jury Instruction No. 8

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

11

Government's Proposed Jury Instruction No. 9

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9TH CIR. CRIM. JURY INST. 1.8 (2003)

Government's Proposed Jury Instruction No. 10

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors. First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. In addition, and of great importance, no member of the Hamid Hayat jury panel should talk to any member of the Umer Hayat jury panel about any aspect of this case or trial. Similarly, no member of the Umer Hayat jury panel shall talk to any member of the Hamid Hayat jury panel about any aspect of this case or trial. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the

1    evidence.   Keep an open mind until then.

24   9TH CIR. CRIM. JURY INST. 1.9 (2003)(modified to include
25   admonition against discussions between jurors from different
26   panels)

28                            14

1     Government's Proposed Jury Instruction No. 11

2                **NO TRANSCRIPT AVAILABLE TO JURY**

3        At the end of the trial you will have to make your decision

4     based on what you recall of the evidence.  You will not have a

5     written transcript of the trial.  I urge you to pay close

6     attention to the testimony as it is given.

26    9TH CIR. CRIM. JURY INST. 1.10 (2003)

                                15

Government's Proposed Jury Instruction No. 12

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

9TH CIR. CRIM. JURY INST. 1.11 (2003)

16

**OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

9TH CIR. CRIM. JURY INST. 1.12 (2003)

1  Government's Proposed Jury Instruction No. 14

2  **JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

3      A number of foreign languages, including Urdu, Pashto and
4  Arabic, may be used during this trial.

5      The evidence you are to consider is only that provided
6  through the official court interpreters, translators, or other
7  witnesses.  Although some of you may know Urdu, Pashto and/or
8  Arabic, it is important that all jurors consider the same
9  evidence. Therefore, you must listen to the evidence as it is
10 presented to you in English.  You must not, even if you have
11 independent foreign language abilities, attempt to translate
12 foreign language evidence yourself.

24 9TH CIR. CRIM. JURY INST. 1.13 (2003)(modified for the facts of
25 this case)

28                              18

Government's Proposed Jury Instruction No. 15

2 **SEPARATE CONSIDERATION OF SINGLE COUNT-MULTIPLE DEFENDANTS**

3    Separate crimes are charged against each defendant.  The

4 charges have been joined for trial.  The jury panel associated

5 with the case of defendant Hamid Hayat must consider and decide

6 the case of Hamid Hayat only.  The jury panel associated with the

7 case of defendant Umer Hayat must consider and decide the case of

8 Umer Hayat only.

9    All of the instructions apply to each defendant unless a

10 specific instruction states that it applies to only a specific

11 defendant.

27 9TH CIR. CRIM. JURY INST. 3.13 (2003)(modified for dual panels)

28                                    19

Government's Proposed Jury Instruction No. 16

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 3.1 (2003)

20

Government's Proposed Jury Instruction No. 17

**CHARGE AGAINST DEFENDANT NOT EVIDENCE -**

**PRESUMPTION OF INNOCENCE - BURDEN OF PROOF**

The Second Superseding Indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of each charge beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 3.2 (2003) (modified for multiple defendants)

21

Government's Proposed Jury Instruction No. 18

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

9TH CIR. CRIM. JURY INST. 3.3 (2003)

22

Government's Proposed Jury Instruction No. 19

**DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified.  You should treat this
testimony just as you would the testimony of any other witness.

9TH CIR. CRIM. JURY INST. 3.4 (2003)

## REASONABLE DOUBT-DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INST. 3.5 (2003)

1    Government's Proposed Jury Instruction No. 21

2                     **WHAT IS EVIDENCE?**

3        The evidence from which you are to decide what the facts are

4    consists of:

5        (1) the sworn testimony of any witness;

6        (2) the exhibits which have been received into evidence; and

7        (3) any facts to which all the lawyers have stipulated.

27   9TH CIR. CRIM. JURY INST. 3.6 (2003)

28                             25

Government's Proposed Jury Instruction No. 22

## WHAT IS NOT EVIDENCE?

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.     Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 3.7 (2003)

26

1    Government's Proposed Jury Instruction No. 23

2               **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3        Evidence may be direct or circumstantial.  Direct evidence

4    is direct proof of a fact, such as testimony of an eyewitness.

5    Circumstantial evidence is indirect evidence, that is, proof of a

6    chain of facts from which you could find that another fact

7    exists, even though it has not been proved directly.  You are to

8    consider both kinds of evidence.  The law permits you to give

9    equal weight to both, but it is for you to decide how much weight

10   to give to any evidence.

27   9TH CIR. CRIM. JURY INST. 3.8 (2003)

28                            27

1       Government's Proposed Jury Instruction No. 24

2                    **STIPULATION OF FACTS**

3           The parties have agreed to certain facts that have been

4       stated to you.  You should therefore treat these facts as having

5       been proved.

27      9TH CIR. CRIM. JURY INST. 2.4 (2003)

28                              28

**JUDICIAL NOTICE**

The Court has decided to accept as proved the following facts set forth below, even though no evidence has been introduced on the subject: [To be supplied, if accepted by the Court].

You may, but are not required to, accept these facts as true.

9TH CIR. CRIM. JURY INST. 2.5 (2003)(modified for multiple facts)

Government's Proposed Jury Instruction No. 26

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness's testimony;

6.  the reasonableness of the witness's testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9TH CIR. CRIM. JURY INST. 3.9 (2003)

30

Government's Proposed Jury Instruction No. 27

**EVIDENCE OF OTHER ACTS OF DEFENDANT**

**OR ACTS AND STATEMENTS OF OTHERS**

You are here only to determine whether each defendant is guilty or not guilty of the charges in the Second Superseding Indictment.  Your determination must be made only from the evidence in the case.  The defendants are not on trial for any conduct or offense not charged in the indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendants, only as they relate to these charges against these defendants.

9TH CIR. CRIM. JURY INST. 3.10 (2003)(modified for multiple defendants and charges)

31

1    Government's Proposed Jury Instruction No. 28
2    **SEPARATE CONSIDERATION OF SINGLE COUNT-MULTIPLE DEFENDANTS**
3        Separate crimes are charged against each defendant. The
4    charges have been joined for trial.  The jury panel associated
5    with the case of defendant Hamid Hayat must consider and decide
6    the case of Hamid Hayat only.  The jury panel associated with the
7    case of defendant Umer Hayat must consider and decide the case of
8    Umer Hayat only.
9        All of the instructions apply to each defendant unless a
10   specific instruction states that it applies to only a specific
11   defendant.

27   9TH CIR. CRIM. JURY INST. 3.13 (2003)(modified for dual panels)
28                                 32

Government's Proposed Jury Instruction No. 29

**JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

Some of the testimonial and documentary evidence you have heard or seen, in its original form, was in Urdu, Pashto and/or Arabic. The evidence you are to consider is only that provided through interpreters and/or translators and/or other witnesses. Although some of you may know Urdu, Pashto and/or Arabic, it is important that all jurors consider the same evidence. Therefore, you must listen to the evidence as it is presented to you in English. You must not, even if you have independent foreign language abilities, attempt to translate foreign language evidence yourself.

9TH CIR. CRIM. JURY INST. 3.20 (2003)(modified for multiple foreign languages and media)

33

## STATEMENTS BY DEFENDANT

You have heard testimony that a defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 4.1 (2003)(modified to reference "a" defendant rather than "the" defendant)

34

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [*e.g.*, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

9TH CIR. CRIM. JURY INST. 4.3 (2003)

1    Government's Proposed Jury Instruction No. 32

2              **GOVERNMENT'S USE OF COOPERATING WITNESS**

3         You have heard testimony from a cooperating witness who was

4    involved in the government's investigation in this case.  Law

5    enforcement officials are not precluded from engaging in stealth

6    and deception, such as the use of cooperating witnesses and

7    undercover agents, in order to apprehend persons engaged in

8    criminal activities.  Undercover agents and cooperating witnesses

9    may properly make use of false names and appearances and may

10   properly assume the roles of members in criminal organizations.

11   The government may utilize a broad range of schemes and ploys to

12   ferret out criminal activity.

26   9TH CIR. CRIM. JURY INST. 4.13 (2003)(modified to refer to

27   cooperating witness)

28                           36

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9TH CIR. CRIM. JURY INST. 4.17 (2003)

1    Government's Proposed Jury Instruction No. 34

2                   **SUMMARIES NOT RECEIVED IN EVIDENCE**

3         Certain charts and summaries have been shown to you in order

4    to help explain the facts disclosed by the books, records, and

5    other documents which are in evidence in the case.  They are not

6    themselves evidence or proof of any facts.  If they do not

7    correctly reflect the facts or figures shown by the evidence in

8    the case, you should disregard these charts and summaries and

9    determine the facts from the underlying evidence.

27   9TH CIR. CRIM. JURY INST. 4.18 (2003)

28                                38

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

9TH CIR. CRIM. JURY INST. 4.19 (2003)

**SUMMARY OF THE SECOND SUPERSEDING INDICTMENT**

Count One of the Second Superseding Indictment charges defendant Hamid Hayat with providing material support and resources, attempting to conceal the nature of material support and resources, and concealing the nature of material support and resources, knowing or intending that they were to be used in preparation for, or in carrying out, acts of terrorism that transcend national boundaries.

Counts Two through Four charge defendant Hamid Hayat with willfully making false, material statements, within the jurisdiction of the Federal Bureau of Investigation in an offense that involves domestic or international terrorism.

Counts Five and Six charge defendant Umer Hayat with willfully making false, material statements, within the jurisdiction of the Federal Bureau of Investigation in an offense that involves domestic or international.

I will instruct you as to the law you are to apply with respect to each of these violations.

Second Superseding Indictment, Count One.

Government's Proposed Jury Instruction No. 37

**PROVISION, ATTEMPTING TO CONCEAL NATURE OF OR**

**CONCEALING NATURE OF MATERIAL SUPPORT OR RESOURCES**

Defendant Hamid Hayat is charged in Count One with *providing* material support and resources in violation of 18 U.S.C. §2339A, with *attempting to conceal* the nature of material support and resources in violation of 18 U.S.C. §2339A, and with *concealing* the nature of material support and resources in violation of 18 U.S.C. §2339A.

To find defendant guilty of the charge in Count One, all of you must unanimously agree that Hamid Hayat committed at least one of the following crimes: a) providing material support in violation of 18 U.S.C. §2339A; <u>or</u> b) concealing the nature of material support in violation of 18 U.S.C. §2339A; <u>or</u> c) attempting to conceal the nature of material support in violation of 18 U.S.C. §2339A.

I will now instruct you regarding each of these crimes.

<u>United States v. Booth</u>, 309 F.3d 566, 572 (9th Cir. 2002)("When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any one of those conjunctively charged acts may establish guilt."); Second Superseding Indictment, Count One

1

Government's Proposed Jury Instruction No. 38

2 **PROVISION, ATTEMPTING TO CONCEAL NATURE OF OR CONCEALING**

3 **NATURE OF MATERIAL SUPPORT OR RESOURCES - THE STATUTE**

4        The applicable statute, 18 U.S.C. §2339A, provides in

5 relevant part that:

6        Whoever provides material support or resources or conceals
       or disguises the nature, location, source or ownership of
7        material support or resources . . .  knowing or intending
       that they are to be used in preparation for, or in carrying
8        out, a violation of  [18 U.S.C. § 2332b (acts of terrorism
       transcending national boundaries)] or attempts . . . to do
9        such an act, [is guilty of a crime].

10

11 18 U.S.C. § 2339A.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 18 U.S.C. § 2339A

28                                42

Government's Proposed Instruction No. 39

**ELEMENTS OF THE OFFENSE OF PROVIDING MATERIAL SUPPORT**

To prove that defendant Hamid Hayat provided material support as charged in Count One, the government must establish each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant provided material support or resources.

<u>Second</u>, that the defendant did so knowing or intending that such material support or resources would be used in preparation for or in carrying out a violation of 18 U.S.C. §2332b.

18 U.S.C. § 2339A

1     Government's Proposed Jury Instruction No. 40

2     **ELEMENTS OF THE OFFENSE OF CONCEALING MATERIAL SUPPORT**

3     To prove that defendant Hamid Hayat concealed the nature of

4     material support as charged in Count One, the government must

5     establish each of the following elements beyond a reasonable

6     doubt:

7     <u>First</u>, that the defendant concealed or disguised the nature,

8     location, or source of material support or resources.

9     <u>Second</u>, that the defendant did so knowing or intending that

10    such material support or resources would be used in preparation

11    for or in carrying out a violation of 18 U.S.C. §2332b.

24    18 U.S.C. §2339A(a)

28                                44

Government's Proposed Jury Instruction No. 41

**ELEMENTS OF THE OFFENSE OF ATTEMPTING**

**TO CONCEAL MATERIAL SUPPORT**

I will now instruct you regarding the elements of attempting to conceal material support.

As I have told you previously, it is a crime for a person to conceal or disguise the nature, location, source or ownership of material support or resources knowing or intending that they would be used in preparation for, or in carrying out, a violation of 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries). I will refer to this hereafter as the "crime of concealing or disguising material support or resources."

To prove that defendant Hamid Hayat attempted to conceal or disguise material support or resources as charged in Count One, the government must establish each of the following elements beyond a reasonable doubt:

First, the defendant intended to commit the crime of crime of concealing or disguising material support or resources and;

Second, the defendant did something which was a substantial step toward committing that crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation to conceal or disguise material support is not a substantial step toward the commission of that crime. It must be proven that defendant did something substantial toward committing that crime.

18 U.S.C. §2339A (a); 9TH CIR. CRIM. JURY INST. 5.5 (2003)

45

## MATERIAL SUPPORT DEFINED

For the purposes of Count One, the phrase "material support or resources" means any property (tangible or intangible), or service, including training and personnel.  The term "personnel" means one or more persons, which can include the defendant's own person.  "Training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

18 U.S.C. §2339A(b)

46

**PROVIDE DEFINED**

For the purposes of Count One, "provide" means to furnish or supply.

<u>United States v. Mohrbacher</u>, 182 F.3d 1041, 1048 (9th Cir. 1999)("where the statutory term is not defined in the statute, it is appropriate to accord the term its 'ordinary meaning.' When there is no indication that Congress intended a specific legal meaning for the term, the court may look to sources such as dictionaries for a definition.")

<u>American Heritage Dictionary of English, Fourth Edition </u>(2000)

**CONCEAL AND DISGUISE DEFINED**

For the purpose of Count One, the terms "conceal" and "disguise" mean to hide, or to keep from being seen, found, observed or discovered.

United States v. Mohrbacher, 182 F.3d 1041, 1048 (9th Cir. 1999)("where the statutory term is not defined in the statute, it is appropriate to accord the term its 'ordinary meaning.'  When there is no indication that Congress intended a specific legal meaning for the term, the court may look to sources such as dictionaries for a definition.")
The American Heritage Dictionary of English, Fourth Edition (2000)

**KNOWING OR INTENDING THAT MATERIAL SUPPORT OR
RESOURCES WOULD BE USED IN PREPARATION FOR OR IN
CARRYING OUT A VIOLATION OF 18 U.S.C. §2332B**

For the purposes of Count One, you must find that the defendant provided, or concealed, or attempted to conceal material support or resources knowing or intending that they would be used in preparation for or in carrying out a violation of 18 U.S.C. §2332b, which prohibits acts of terrorism transcending national boundaries.

Note that, the government need *not* prove that defendant actually committed an act of terrorism transcending national boundaries, and need *not* establish that defendant actually committed a violation of 18 U.S.C. §2332b. The government must establish that defendant knew or intended that the material support *be used in preparation for or in carrying out* an act of terrorism transcending national boundaries.

An actually completed violation of 18 U.S.C. §2332b consists of the following elements:

<u>First</u>, that the defendant committed, threatened to commit, attempted to commit or conspired to commit any of the following acts of violence against a person within the United States: killing a person, assaulting a person resulting in serious bodily injury, assaulting a person with a dangerous weapon, or creating a substantial risk of serious bodily injury to a person by destroying any structure, conveyance, or other real or personal property within the United States.

Second, that the conduct in question "transcended national boundaries." This means that, in addition to conduct occurring within the United States, part of the conduct comprising the offense must have occurred outside the United States.

Third, that the actual act of violence described as part of the first element violated the laws of a state or of the United States. I instruct you, as a matter of law, that all of the acts of violence described in the first element would violate a state law and/or federal law were they to transpire.

Fourth, that any one of the following special circumstances is present so as to vest the courts of the United States with jurisdiction over this act, namely: a) The mail, or any facility of interstate or foreign commerce, including means of transportation, was used in furtherance of the offense; b) The offense obstructs, delays or affects interstate or foreign commerce; c) The victim, or intended victim, is the United States Government, a member of the uniformed services, or an official, employee or agent of the legislative, executive, or judicial branches, or of any department or agency of the United States; d) The structure or conveyance, or other real or personal property is, in whole or in part, owned possessed or leased to the United States or any department of agency of the United States.

Once again, the government is not required to prove that defendant actually committed an act of terrorism transcending national boundaries, as described by the elements listed above. The government must prove that the defendant knew or intended

that the material support or resources would be used to prepare
for or carry out an act of terrorism transcending national
boundaries.  I have instructed you on the elements of 18 U.S.C. §
2332b solely to facilitate your consideration of the defendant's
knowledge or intent.

18 U.S.C. § 2332b

See United States v. Pomponio, 511 F.2d 953, 957 (4th Cir.),
cert. denied, 423 U.S. 874 (1975) ("The 'unlawful activity'
specified in the [Travel] Act may be [an offense] under state or
federal law and reference to such law is necessary only to
identify the type of 'unlawful' activity in which the defendants
intended to engage. Proof that the unlawful objective was
accomplished or that the referenced law has actually been
violated is not a necessary element of the offense defined in
Section 1952."), cited with approval by United States v. Loucas,
629 F.2d 989, 991 (4th Cir. 1980), cert. denied, 450 U.S. 1030
(1981)

United States v. Polizzi, 500 F.2d 856, 869 (9th Cir. 1974)(Under
Section 1952, "[r]eference to state law is necessary only to
identify the type of unlawful activity in which the defendants
intended to engage."), cert. denied, 419 U.S. 1120 (1975).

Government's Proposed Jury Instruction No. 46

**KNOWINGLY AND INTENTIONALLY-DEFINED**

For the purposes of Count One, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  An act is done intentionally if done deliberately.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful or intended that his acts or omissions be unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly and intentionally.

9TH CIR. CRIM. JURY INST. No. 5.6.(modified to include definition of intentionally)

The American Heritage Dictionary of English, Fourth Edition (2000)(definition of intentional as "done deliberately")

52

2    **UNANIMITY REGARDING MATERIAL SUPPORT CHARGES**

3    Defendant Hamid Hayat is charged in Count One with *providing*

4    material support in violation of 18 U.S.C. §2339A and with

5    *attempting to conceal* the nature of material support in violation

6    of 18 U.S.C. §2339A and with *concealing* the nature of material

7    support in violation of 18 U.S.C. §2339A.

8    To find defendant guilty of the charge in Count One, all of

9    you must unanimously agree that Hamid Hayat committed at least

10   one of the following crimes: a) providing material support in

11   violation of 18 U.S.C. §2339A; <u>or</u> b) concealing material support

12   in violation of 18 U.S.C. §2339A; <u>or</u> c) attempting to conceal

13   material support in violation of 18 U.S.C. §2339A.  You must

14   unanimously agree as to which crime or crimes, if any, have been

15   committed.  You may decide that defendant Hamid Hayat has

16   committed none, one, two or all three of these crimes based upon

17   your consideration of the evidence.

18

19

20

21

22

23   9TH CIR. CRIM. JURY INST. 7.9 (2003)(describing general law

24   related to unanimity instructions)

25   <u>United States v. Booth</u>, 309 F.3d 566, 572 (9th Cir. 2002)("When a

26   statute specifies two or more ways in which an offense may be

27   committed, all may be alleged in the conjunctive in one count and

proof of any one of those conjunctively charged acts may
establish guilt.")

1    Government's Proposed Jury Instruction No. 48

2              **FALSE STATEMENT TO GOVERNMENT AGENCY IN A**

3          **CRIME THAT INVOLVES INTERNATIONAL OR DOMESTIC TERRORISM**

4          Defendant Hamid Hayat is charged in Counts Two through Four

5    of the Second Superseding Indictment and defendant Umer Hayat is

6    charged in Counts Five and Six of the Second Superseding

7    Indictment with willfully making a false statement in a matter

8    within the jurisdiction of the Federal Bureau of Investigation in

9    an offense that involves domestic or international terrorism, in

10   violation of 18 U.S.C. § 1001.

27   18 U.S.C. § 1001

28                              55

1        Government's Proposed Jury Instruction No. 49

2                      **MAKING A FALSE STATEMENT**

3            The applicable statute, 18 U.S.C. §1001, provides in

4    relevant part that:

5            [W]hoever, in any matter within the jurisdiction of the
             executive, legislative, or judicial branch of the Government
6            of the United States, knowingly and willfully . . . makes
             any materially false, fictitious, or fraudulent statement or
7            representation . . . shall be [guilty of a crime].
             [I]f the offense involves international or domestic
8            terrorism (as defined in section 2331) [this is a separate
             crime].

27   18 U.S.C. § 1001

28                                56

**FALSE STATEMENT TO GOVERNMENT AGENCY IN A**

**CRIME THAT INVOLVES INTERNATIONAL OR DOMESTIC TERRORISM**

You must first determine whether each defendant willfully made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation.  If you so conclude, you must then determine whether the offense involved domestic or international terrorism.  I will begin by defining the crime of making a false statement.

Government's Proposed Jury Instruction No. 51

**MAKING A FALSE STATEMENT-ELEMENTS**

In order for a defendant to be found guilty of making a false statement, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI").

Second, the defendant acted willfully; and

Third, the statement was material to the FBI's activities or decisions.

9TH CIR. CRIM. JURY INST. 8.66 (2003)(modified moving materiality and willfully definitions to separate instructions)

<u>United States v. Vaughn</u>, 797 F.2d 1485, 1490 (9th Cir. 1986).

58

Government's Proposed Jury Instruction No. 52

**FALSE STATEMENT-DEFINED**

For the purposes of Counts Two through Six, the term "false statement" means an assertion which is untrue when made and which is known by the person making it to be untrue.

2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 40.08 (5th ed. 2000)

59

Government's Proposed Jury Instruction No. 53

**JURISDICTION-DEFINED**

For the purposes of Counts Two through Six, the phrase "in a matter within the jurisdiction of the Federal Bureau of Investigation" means a matter or situation in which the FBI has the power to exercise authority.  In other words, the government must prove that the falsity involved a matter which was within FBI's jurisdiction at the time it was made.  The government need not prove that the defendant had actual knowledge of the FBI's jurisdiction.

United States v. Rogers, 466 U.S. 475 (1984)

United States v. Yermian, 468 U.S. 63 (1984)

United States v. Oren, 893 F.2d 1057, 1064 (9th Cir. 1990)

United States v. Green, 745 F.2d 1205, 1209-10 (9th Cir. 1984), cert denied, 474 U.S. 925 (1985)

1    Government's Proposed Jury Instruction No. 54

2                    **WILLFULLY - DEFINED**

3        For the purposes of Counts Two through Six, a defendant acts

4    willfully if he acts deliberately and with knowledge that the

5    statement was untrue.

26   9TH CIR. CRIM. JURY INST. 8.66 (2003) and Comment (mens rea

27   defined)

28                              61

**MATERIALITY-DEFINED**

For the purposes of Counts Two through Six, a statement or fact is material if it could have influenced the FBI's decisions or activities.  The government does not have to prove that the statement or fact actually influenced the decisions or activities of the FBI.  The government also need not prove that the defendant acted with the intention of influencing the FBI.

9TH CIR. CRIM. JURY INST. 8.66 (2003) and Comment (materiality defined)

United States v. Facchini, 874 F.2d 638, 643 (9th Cir. 1989)

United States v. Vaughn, 797 F.2d 1485, 1490 (9th Cir. 1986)

United States v. Yermian, 468 U.S. 63, 73 and n. 13 (1984).

**OFFENSE INVOLVING INTERNATIONAL OR DOMESTIC TERRORISM**

As mentioned previously, if you determine that a defendant willfully made a false statement in a matter within the jurisdiction of the Federal Bureau of Investigation, you must then determine whether the offense involved domestic or international terrorism.

An offense that involves "international terrorism" is an offense that:

(A) involves violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;

(B) appears to be intended -

(i) to intimidate or coerce a civilian population;

(ii) to influence the policy of a government by intimidation or coercion; or

(iii) to affect the conduct of a government by mass destruction, assassination, or kidnaping; and

(C) occurs primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate, or the locale in which their perpetrators operate . . . .

An offense that involves "domestic terrorism" is an offense that:

1     (A) involves acts dangerous to human life that are a

2  violation of the criminal laws of the United States or of any

3  State;

4     (B) appears to be intended -

5          (i) to intimidate or coerce a civilian population;

6          (ii) to influence the policy of a government by

7               intimidation or coercion; or

8          (iii) to affect the conduct of a government by mass

9               destruction, assassination, or kidnaping; and

10    (C) occur primarily within the territorial jurisdiction of

11  the United States.

27  18 U.S.C. §§ 1001, 2331

Government's Proposed Jury Instruction No. 57

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson.  hat person will preside over the deliberations and speak for you here in Court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9TH CIR. CRIM. JURY INST. 7.1 (2003)

1     Government's Proposed Jury Instruction No. 58

2       **CONSIDERATION OF EVIDENCE**

3   Your verdict must be based solely on the evidence and on the

4 law as I have given it to you in these instructions.  However,

5 nothing that I have said or done is intended to suggest what your

6 verdict should be--that is entirely for you to decide.

9TH CIR. CRIM. JURY INST. 7.2 (2003)

1

Government's Proposed Jury Instruction No. 59

2

**USE OF NOTES**

3      Some of you have taken notes during the trial.  Whether or

4 not you took notes, you should rely on your own memory of what

5 was said.  Notes are only to assist your memory. You should not

6 be overly influenced by the notes.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 9TH CIR. CRIM. JURY INST. 7.3 (2003)

28

1   Government's Proposed Jury Instruction No. 60

2              **JURY CONSIDERATION OF PUNISHMENT**

3       The punishment provided by law for this crime is for the

4   Court to decide. You may not consider punishment in deciding

5   whether the government has proved its case against a defendant

6   beyond a reasonable doubt.

26  9TH CIR. CRIM. JURY INST. 7.4 (2003)(modified to change "the"

27  defendant to "a" defendant)

1      Government's Proposed Jury Instruction No. 61

2                          **VERDICT FORM**

3          A verdict form has been prepared for you. [Any explanation

4   of the verdict form may be given at this time.]  After you have

5   reached unanimous agreement on a verdict, your foreperson will

6   fill in the form that has been given to you, sign and date it,

7   and advise the bailiff that you are ready to return to the

8   courtroom.

27  9TH CIR. CRIM. JURY INST. 7.5 (2003)

                                    69

1
Government's Proposed Jury Instruction No. 62

2
**COMMUNICATION WITH COURT**

3    If it becomes necessary during your deliberations to

4    communicate with me, you may send a note through the bailiff,

5    signed by your foreperson or by one or more members of the jury.

6    No member of the jury should ever attempt to communicate with me

7    except by a signed writing, and I will respond to the jury

8    concerning the case only in writing, or here in open court. If

9    you send out a question, I will consult with the lawyers before

10   answering it, which may take some time. You may continue your

11   deliberations while waiting for the answer to any question.

12   Remember that you are not to tell anyone--including me--how the

13   jury stands, numerically or otherwise, on the question of the

14   guilt of the defendant, until after you have reached a unanimous

15   verdict or have been discharged.

16

17

18

19

20

21

22

23

24

25

26

27   9TH CIR. CRIM. JURY INST. 7.6 (2003)

28