**LAW OFFICES OF JOHNNY L. GRIFFIN III**
**JOHNNY L. GRIFFIN, III (SBN 118694)**
**MANOLO H. OLASO (SBN 195629)**
**CLARA M. LEVERS (SBN 226623)**
1010 F Street, Suite 200
Sacramento, California 95814
Telephone: (916) 444-5557
Facsimile: (916) 444-5558

Attorneys for Defendant
UMER HAYAT

**LAW OFFICE OF WAZHMA MOJADDIDI**
**WAZHMA MOJADDIDI (SBN 226804)**
7112 Agora Way
El Dorado Hills, CA 95762
Telephone: (916) 939-7357
Facsimile:  (916) 939-2721

Attorney for Defendant
HAMID HAYAT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA | Case No. CR. S-05-0240 GEB |
| Plaintiff, | **TABLE OF CONTENTS AND AUTHORITIES FOR DEFENDANTS' JOINT OPPOSITION TO THE GOVERNMENT'S RENEWED MOTIONS TO PRECLUDE EXPERT TESTIMONY BY JAMES J. WEDICK ON HIS OPINIONS SET FORTH IN MARCH 21, 2006 DISCLOSURE AND OPINIONS REGARDING UNDERCOVER OPERATIONS AND THE USE OF COOPERATING WITNESSES** |
| vs. | |
| HAMID HAYAT and UMER HAYAT, | |
| Defendants. | |
| | Date:  March 31. 2006 |
| | Time:  2:00 p.m. |
| | Court:  Hon. Garland. E. Burrell, Jr. |

1

U.S. v. Hamid Hayat and Umer Hayat
CR. S-05-0240 GEB

## TABLE OF CONTENTS

I.  LEGAL STANDARDS FOR EXPERT TESTIMONY .................................... 1

II. LAW AND ARGUMENT ............................................................................ 5

    A.  **The Court Should Not Preclude Mr. Wedick's Proposed Testimony Because the Defense has Made Proper Disclosures Required by Rule 16.** ................... 5

    B.  **The Court Should Allow Mr. Wedick to Testify as to the FBI's Downgrading of Hamid Hayat to the "Selectee" List and Hamid Hayat's Continuing to the U.S. because the Defense Has Met The Admissibility Requirements by a Preponderance of the Evidence.** ................... 5

        1.  Mr. Wedick's Proposed Testimony is Reliable. ................... 6

        2.  Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ................... 6

        3.  The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ................... 7

    C.  **The Court Should Allow Mr. Wedick to Testify as to his Technical Knowledge Regarding FBI Interview Protocol Because the Defense Has Met The Admissibility Requirements by a Preponderance of the Evidence.** ................... 8

        **1.  The Court Should Allow Mr. Wedick's Testimony That the FBI Should Not Have Assigned Agent Aguilar to Conduct the June 3, 2005 or June 4, 2005 Interviews Because a More Experienced Agent Should Have Conducted the Interviews.** ................... 8

            a.  Mr. Wedick's Proposed Testimony is Reliable. ................... 8

            b.  Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ................... 9

            c.  The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ................... 10

        **2.  The Court Should Allow Mr. Wedick to Testify that Agent Aguilar, Agent Wells, and Agent Harrison Should Not Have Conducted Interviews With Umer Hayat Because of their Unfamiliarity with the Subject Matter of the Interview.** ................... 11

U.S. v. Hamid Hayat and Umer Hayat
CR. S-05-0240 GEB

a. Mr. Wedick's Proposed Testimony is Reliable. ........................... 11

b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. .......................................................................... 12

c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ........................................................... 12

3. **The Court Should Allow Mr. Wedick to Testify that Agent Aguilar, as the Lead Case Agent, Should Have Been Aware At All Times of All Aspects of the Interviews Being Conducted with Hamid Hayat and Umer Hayat.** .......................................................................... 13

a. Mr. Wedick's Proposed Testimony is Reliable. ........................... 13

b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. .......................................................................... 14

c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ........................................................... 15

4. **The Court Should Allow Mr. Weidck to Testify that the Agents Who Interviewed Hamid Hayat Failed to Appropriately Conduct a Thorough Investigation Prior to the Interviews.** .......................... 15

a. Mr. Wedick's Proposed Testimony is Reliable. ........................... 15

b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. .......................................................................... 16

c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ........................................................... 17

5. **Before Interviewing Hamid Hayat and while Hamid Hayat was in Pakistan, the Investigating Agents Should Have Used the Resources of the FBI Office in Islamabad, Pakistan, the CIA and the NSA to verify and/or corroborate any Information the Case Agent had Regarding Hamid Hayat's Alleged Ties to Terrorist Organizations.** ............. 18

a. Mr. Wedick's Proposed Testimony is Reliable. ........................... 18

b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. .......................................................................... 19

c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ........................................................... 20

6.  **The Court Should Allow Mr. Weidck to Testify that the Agents Should Have Frequently Reminded Hamid and Umer Hayat that their Interviews were Non-custodial and They Were Free to Go.** ........ 21

    a.  Mr. Wedick's Proposed Testimony is Reliable. ........ 21

    b.  Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ........ 22

    c.  The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ........ 23

7.  **The Court Should Allow Mr. Wedick to Testify that the FBI had the Capability to Record the Defendants' Interviews and it was Inappropriate to Begin Videotaping Umer Hayat Only After Eliciting a Confession.** ........ 23

    a.  Mr. Wedick's Proposed Testimony is Reliable. ........ 23

    b.  Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ........ 24

    c.  The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ........ 25

8.  **The Court Should Allow Mr. Weidck to Testify that the Interviewing Agents Should Have, but Did Not, Consider Defendants' Vulnerabilities as Interviewees to Ensure the Validity of any Elicited "Confession" Because such a Failure may Have Elicited a Contaminated Confession.** ........ 25

    a.  Mr. Wedick's Proposed Testimony is Reliable. ........ 25

    b.  Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ........ 26

    c.  The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ........ 27

9.  **The Court Should Allow Mr. Weidck to Testify that the Agents' use of Leading Questions Contaminated the "Confessions" of Hamid and Umer Hayat, Rendering them Unreliable.** ........ 27

    a.  Mr. Wedick's Proposed Testimony is Reliable. ........ 27

U.S. v. Hamid Hayat and Umer Hayat
CR. S-05-0240 GEB

    b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ............ 28

    c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ............ 29

  **10. The Court Should Allow Mr. Weidck to Testify that the Interviewing Agents Should Have Been Able to Pick up on the Inconsistencies and Improbabilities in Umer Hayat's Interviews when he Discussed Training Camps in Pakistan.** ............ 29

    a. Mr. Wedick's Proposed Testimony is Reliable. ............ 29

    b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ............ 30

    c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ............ 31

  **11. The Court Should Allow Mr. Weidck to Opine that the Agents' Constant Reference to Umer Hayat's Loyalties to God and Family Created a False Sense of Hope in Umer Hayat that he was Cooperating with the Agents, Leading to Further Contamination of his Confession.** ............ 31

    a. Mr. Wedick's Proposed Testimony is Reliable. ............ 31

    b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ............ 32

    c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ............ 32

 **D. The Court Should Allow Mr. Wedick to Testify as to his Technical Knowledge Regarding Undercover Operations and the Use of Cooperating Witnesses Because the Defense Has Met The Admissibility Requirements by a Preponderance of the Evidence.** ............ 33

  **1. The Court Should Allow Mr. Wedick's Testimony Regarding "Authorization and Initiation of Undercover Operation in Lodi, California."** ............ 33

    a. Mr. Wedick's Proposed Testimony is Reliable. ............ 34

    b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ............ 35

      c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ... 35

**2. The Court Should Allow Mr. Wedick to Testify Regarding the FBI Hiring Naseem Khan as a Cooperating Witness.** ... 36

      a. Mr. Wedick's Proposed Testimony is Reliable. ... 36

      b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ... 37

      c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ... 37

**3. The Court Should Allow Mr. Wedick to Testify About the FBI's Monetary Payments Made to Naseem Khan.** ... 38

      a. Mr. Wedick's Proposed Testimony is Reliable. ... 38

      b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ... 39

      c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ... 39

**4. The Court Should Allow Mr. Wedick's Proposed Testimony Regarding Naseem Khan and Agent Rankhorn Obtaining Information Unlawfully** ... 40

      a. Mr. Wedick's Proposed Testimony is Reliable. ... 40

      b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ... 41

      c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ... 41

**5. The Court Should Allow Mr. Wedick's Proposed Testimony Regarding Naseem Khan's Improper Threats to Hamid Hayat.** ... 42

      a. Mr. Wedick's Proposed Testimony is Reliable. ... 42

      b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ... 44

   c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ........ 45

 **6.** **The Court Should Permit Mr. Wedick to Testify that the FBI Improperly Managed Naseem Khan as a Cooperating Witness.** ........ 44

   a. Mr. Wedick's Proposed Testimony is Reliable. ........ 44

   b. Mr. Wedick's Proposed Testimony is Relevant and Would Assist the Trier of Fact. ........ 45

   c. The Probative Value of Mr. Wedick's Testimony is Not Outweighed by any Rule 403 Issues. ........ 46

**E.** **The Court Should Allow Mr. Wedick to Testify Because the Government's Speculative Concerns Would be Addressed on its Cross-Examination of Mr. Wedick and By the Court Giving a Limiting Instruction to the Jury.** ........ 47

**F.** **The Court Should Allow Mr. Wedick to Testify Because the Defendants Have a Constitutional Right to Present a Complete Defense.** ........ 48

**III. CONCLUSION** ........ 49

## TABLE OF AUTHORITIES

CASES

*Chambers v. Mississippi*,
 410 U.S. 284 (1973) ........ 48

*Crane v. Kentucky*,
 476 U.S. 683 (1986) ........ 48

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
 509 U.S. 579 (1993) ........ passim

*Kumho Tire. Co. v. Carmichael*,
 526 U.S. 137 (1999) ........ 2

*Rock v. Arkansas*,
 483 U.S. 44 (1987) ........ 47

*United States v. Alatorre*,
 222 F.3d 1098 (9th Cir. 2000) .................................................................. 2

*United States v. Baker*,
 10 F.3d 1374 (9th Cir. 1993) .................................................................. 47

*United States v. Bowen*,
 857 F.2d 1337 (9th Cir. 1988) .......................................................... passim

*United States v. Chappell*,
 6 F.3d 1095 (5th Cir. 1993) ...................................................................... 5

*United States v. Downing*,
 753 F.2d 1224 (3d Cir.1985) .................................................................. 49

*United States v. Hankey*,
 203 F.3d 1160 (9th Cir. 2000) .................................................................. 2

*Untied States v. Jasin*,
 292 F. Supp. 2d 670 (E.D. Pa. 2003) ........................................................ 4

*United States v. Locascio*,
 6 F.3d 924 (2d Cir. 1993) .......................................................................... 5

*United States v. Lockett*,
 919 F.2d 585 (9th Cir. 1990) ............................................................ passim

*United States v. Majors*,
 196 F.3d 1206 (11th Cir. 1999) ................................................................ 5

*United States v. Marler*,
 614 F.2d 47 (5th Cir. 1980) ...................................................................... 4

*United States v. Morales*,
 108 F.3d 1031 (9th Cir. 1997) ......................................................... passim

*United States v. Murillo*,
 255 F.3d 1169 (9th Cir. 2001) .................................................................. 2

*United States v. Plunk*,
 153 F.3d 1011 (9th Cir. 1998) .................................................................. 4

*United States v. Prime*,
 431 F.3d 1147 (9th Cir. 2005) ......................................................... passim

*United States v. Ramsey*,
 334 U.S. App. D.C. 193, 165 F.3d 980 (D.C. Cir. 1999) .................................. 3

*United States v. Rubio-Villareal*,
 927 F.2d 1495 (9th Cir. 1991) ........................................................................ 47

*United States v. Tsinnijinnie*,
 91 F.3d 1285 (9th Cir. 1996) .......................................................................... 47

*United States v. Watson*,
 260 F.3d 301 (3d Cir. 2001) ........................................................................ 2, 4

STATUTES

Fed. R. Evid. 702 .................................................................................................. passim

U.S. v. Hamid Hayat and Umer Hayat
CR. S-05-0240 GEB